NATALIE BORDONARO *vs.* ROSE SENK ET AL.

First Judicial District, Hartford, May Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued May 15th—decided July 10th, 1929.

*Jacob Schwolsky* and *S. Gerard Casale,* with whom, on the brief, was *Edward J. Myers,* for the appellant (plaintiff).

*Richard H. Deming,* for the appellees (defendants).

WHEELER, C. J. The injuries for which the plaintiff sues arose out of a collision between a truck and an automobile driven by the defendant in which the plaintiff was a nonpaying guest. The appeal from the denial of the plaintiff's motion to set aside the verdict cannot be sustained. There was a decided conflict in the evidence offered by the parties; the jury might reasonably have found in favor of the defendants. The defendants' case is not in conflict with the indisputable physical facts, as the plaintiff contends; hence the defendants' case does not fall within *Budaj* v. *Connecticut Co.,* 108 Conn. 474, 476, 143 Atl. 527.

The plaintiff's cause of action was dependent upon the bringing of it within the terms of the so-called guest statute, Chapter 308 of the Public Acts of 1927,

which provides: "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." The additional appeal is based upon claimed errors in the charge and they all arise out of the construction given the guest statute by the trial court. One of the criticisms of the charge is the construction accorded to the word "heedlessness." We pointed out in *Silver* v. *Silver*, 108 Conn. 371, 375, 143 Atl. 240, that this word standing by itself is a synonym of carelessness and construed alone "it connotes a lack of care substantially identical with that indicated by the word negligence." Charging one with careless conduct is equivalent to charging him with a lack of ordinary care. We also held that if heedlessness, in this connection, meant merely a lack of ordinary care, the Act would have reaffirmed our common law, and that the legislative intention is clearly indicated, in the title of the Act as well as in the first clause of the first section of the Act, to be to change the existing law. We finally dispose of this claimed construction of "heedlessness" by saying: "We do not think that is a sensible construction of the statute." Since this word cannot be construed by itself or with its ordinary meaning, we construe it "with due regard to its context and the meaning of the entire phrase or sentence in which it appears." The framers of the statute undoubtedly used the noun "heedlessness" in place of the adjective heedless and the word "or" for "and." The phrase "or caused by his heedlessness or his reckless disregard of the rights of others" meets the legislative intention when it is

construed to read "or caused by his heedless and his reckless disregard of the rights of others."

The liability of the owner or operator of a motor vehicle to his nonpaying guest is limited to two classes, as we state in *Silver* v. *Silver, supra*. First, when the accident was caused by the intentional act or conduct of the owner or operator. Intentional as used in this connection connotes that the act or conduct was caused purposely, wilfully or designedly. Second, when the accident was caused by the heedless and reckless disregard of the rights of others by the act or conduct of the owner or operator. Heedless in this connection means careless, it does not add to the significance or the characterization or the force of the act or conduct done in reckless disregard of the rights of others by the owner or operator. Act or conduct in reckless disregard of the rights of others is improper or wrongful conduct and constitutes wanton misconduct, evincing a reckless indifference to consequences to the life, or limb, or health, or reputation or property rights of another. We define these terms in *Menzie* v. *Kalmonowitz*, 107 Conn. 197 (139 Atl. 698) at page 199: "Wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action. Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct." When we say that wanton misconduct is the equivalent of wilful misconduct, we do not intend to characterize these terms as equivalents of each other, but as equivalent in result. Wilful or intentional misconduct and wanton misconduct are different concepts of wrongful or improper misconduct, as we have shown, but in their resultant they are alike in their seriousness and gravity, and the law subjects

whoever is guilty of either form of misconduct to like rules and visits upon each a like liability. *Gonier* v. *Chase Companies, Inc.,* 97 Conn. 46, 115 Atl. 677.

The charge dwells at unnecessary length upon the general law as to ordinary negligence. An action based upon wilful or wanton misconduct is apart from the action for negligent conduct. These have been often treated under the head of negligence actions, and sometimes by this court. The difference is one of kind, not merely of degree. Negligence does not have for its base either wilfulness or wantonness, while misconduct which is merely negligent is never either wilful or wanton. 45 Corpus Juris, 672, 674.

All that is needful in the consideration of an action based upon wilful or wanton misconduct is a brief explanation of what an action for ordinary negligence consists, so that it may be readily distinguishable from the action for wilful or wanton misconduct.

The charge describes in part wanton misconduct as implying "a willingness to inflict injury." The reckless disregard or indifference to consequences to the rights of others, which is the basic element of wanton misconduct, does not necessarily, or usually, imply a willingness to injure. Other explanations in the charge of the term "reckless disregard of the rights of others" were in accord with our opinion in *Silver* v. *Silver, supra.* In no event, viewing the charge as a whole, can prejudice have resulted to the plaintiff from this description of wanton misconduct, which in its effect was of minor and inconsequential importance. There was no necessity for the court to define intentional misconduct and, as the plaintiff claims, to distinguish that from what we characterize as wanton misconduct, since the court very properly instructed the jury that that issue was not before them "since it is neither alleged nor claimed" and "the only ground of liability possi-

ble . . . is that based on a reckless disregard of the rights of others."

Error is predicated upon the charge that contributory negligence upon the plaintiff's part would constitute no defense to an action based upon the defendant's reckless disregard of the rights of others. The defense of contributory negligence is not available where injury is inflicted under conditions open to the charge of wilfulness or wantonness. The charge in this respect accords with our long-established law. *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 122, 84 Atl. 301, 524; *Menzie* v. *Kalmonowitz*, 107 Conn. 197, 200, 139 Atl. 698; *Rowen* v. *New York, N. H. & H. R. Co.*, 59 Conn. 364, 21 Atl. 1073; *Pitkin* v. *New York & N. E. R. Co.*, 64 Conn. 482, 490, 30 Atl. 772; *Beers* v. *Boston & Albany R. Co.*, 67 Conn. 417, 426, 427, 34 Atl. 541.

There is no error.

In this opinion the other judges concurred.