[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants move this court to strike the Second and Third Counts of the plaintiff's Second Revised Complaint dated October 30, 1991, and a corresponding claim for punitive damages and attorney's fees contained in paragraphs 2 and 3 of the plaintiff's Claim for Relief. The defendants assert that the Second Count purports to state a common law negligence cause of action against one who furnishes alcoholic liquor, a cause of action which is not recognized in Connecticut and, that the Third Count fails to allege sufficient facts upon which to support a claim for recklessness or a claim for punitive damages and attorney's fees.
By Complaint dated December 4, 1991 (Return Date January 8, 1991), the plaintiff commenced suit against defendants PJR's, Inc., My Place Cafe, Peter Francis and Deana Phelan. Under date of October 30, 1991, the plaintiff filed a Second Revised Complaint which contains four counts and arises out of an alleged incident which occurred on or about December 7, 1989 and/or December 8, 1989. The First Count of the plaintiff's Second Revised Complaint alleges negligence on the part of defendant Deana Phelan. The Second Count of the plaintiff's Second Revised Complaint, which is a subject of this Motion to Strike, purports to allege a common law negligence cause of action against the defendants My Place Cafe, PJR's, Inc. and Peter Francis for the furnishing of alcoholic liquor. The Third Count, which is also a subject of this Motion to Strike, purports to allege recklessness on the part of these defendants, and the Fourth Count of the plaintiff's Second Revised Complaint alleges a cause of action under Connecticut's Dram Shop Act, Connecticut General Statutes section 30-102.
The motion to strike, Connecticut Practice Book Section 151, et seq., is employed to test the legal sufficiency of a pleading or any prayer for relief in a pleading. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545 (1980); Conn. Practice Book Section 152(2).
On a motion to strike, the court must construe the allegations of the complaint most favorably to the plaintiff, Verdon v. Transamerica Insurance Co., 187 Conn. 363, 365
(1982), although the trial court may not see beyond the complaint for facts not alleged. Cavallo v. Derby Savings Bank,188 Conn. 281, 285-86 (1982). It is well settled that while a motion to strike admits facts well pleaded, it does not admit legal conclusions, Verdon at 365; DelGreco Realty v. Lamourex,39 Conn. Sup. 95, 98 (1983), or the truth or accuracy of opinions CT Page 10941 stated in the pleadings. McAdam v. Sheldon, 153 Conn. 278 (1965).
 [T]he burden rests on the plaintiff to allege a recognizable cause of action, and it is not sufficent that a complaint referred to a basis of liability by a distinctive name . . . . A demurrer [now a Motion to Strike] does not admit legal conclusions . . . and, in any action the complaint is required to set forth facts upon the basis of which, if true, he may be able to establish a right to relief, for unless that is done, the pleading is demurrable.
Research Assoc., Inc. v. New Haven Redevelopment Agency,157 Conn. 587, 588-89 (1968); Brill v. Ulrey, 159 Conn. 371, 374
(1970); Burns v. Koellmer, 11 Conn. App. 375, 382 (1987). Should the plaintiff fail to plead a recognizable cause of action, "it is not the burden of the defendant to attempt to correct the deficiency, either by motion, demurrer or otherwise." Brill, 159 Conn. at 374.
In the Second Count, the plaintiff attempts to set forth a cause of action sounding in negligence for failure to maintain a safe premises. However, the Connecticut Supreme Court has consistently held that there is no negligence cause of action against one who furnishes liquor to someone who voluntarily becomes intoxicated and subsequently injures himself or someone else.
 We have held in a number of cases that there is no common law action in negligence against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another . . . . The reason underlying the rule is that the proximate cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee.
Kowal v. Hofher, 181 Conn. 355, 357-58 (1980); Boehm v. Kish,201 Conn. 385 (1986).
In their brief the defendants call this court's attention, inter alia, to Stebbins v. Staschke, 14 C.L.T. No. 22, p. 36 (March 21, 1988); [Conn. Sup. Ct. Rep., p. 421] and to Lisa M. Doyle, et al v. Agnes B. Christianson, New London at CT Page 10942 Norwich No. 094964, 16 CLT 33, p. 31-32 (August 20, 1990).
In his brief the plaintiff called this court's attention, inter alia, to DiBiaso v. Rusty Scupper Rest., et al,4 CSCR 355 (March 29, 1989).
In the present case, the allegations contained in the Second Count (Negligence As Against My Place Cafe, PJR's, Inc. and Peter Francis) are clearly an attempt to set forth a cause of action in negligence against these defendants for the service of alcohol. The significant allegations in the Second Count are clearly tied to and dependent upon the allegations of service of alcohol and the resulting injuries and consequences thereof. The revelant paragraphs of the Second Count are as follows:
 7. During the evening of December 7, 1989 and/or the early morning of December 8, 1989, the defendant My Place Cafe and/or the defendant PJR's, Inc. and/or the defendant Peter Francis, acting through their agents, servants or employees, sold alcoholic liquor to the defendant, Deana Phelan, which she consumed on the premises of said My Place Cafe, which selling and consumption was of a sufficient quantity to cause the senses and faculties of the defendant, Deana Phelan, to become impaired by reason thereof.
 9. The plaintiff's personal injuries and losses were caused by the wrongful conduct of the defendant, My Place Cafe and/or defendant PJR's, Inc. and/or the defendant Peter Francis, acting individually or through their agents, servants or employees in one or more of the following ways:
 a. IN THAT they failed to take reasonable or adequate measures to restrain or prevent the defendant, Deana Phelan, from causing injury to the plaintiff.
 b. IN THAT they failed to take adequate precautions or measures to remove or evict from their premises persons whose senses and faculties had become impaired by consumption of alcoholic CT Page 10943 liquor.
 c. IN THAT they failed to train, educate or instruct their agents, servants and/or employees in the serving or furnishing of alcoholic liquor in safe and proper amounts.
 d. IN THAT they failed to adopt adequate policies or procedures designed to train, educate and instruct their agents, servants and/or employees in the service or furnishing of alcoholic beverages in safe or proper amounts.
 e. IN THAT they failed to adopt adequate policies or procedures to restain or prevent customers whose senses or faculties had become impaired by consumption of alcohol from causing injury to other customers.
 f. IN THAT they failed to monitor, supervise or inspect their agents, servants and/or employees to ensure compliance with adequate policies and procedures regulating the service of alcohol in safe and proper amounts.
 g. IN THAT although they knew or had reason to know of the dangerous propensities of the defendant, Deana Phelan, they failed to call or to notify the police.
 h. IN THAT although they knew or had reason to know of the dangerous propensities of the defendant, Deana Phelan, they failed to warn the plaintiff of the imminent danger posed to him.
It is clear that the Second Count of the plaintiff's Complaint is merely an attempt to set forth a cause of action in negligence against the provider of alcohol and avoid the long-standing and well-established holdings reiterated in Kowal v. Hofher, and Boehm v. Kish which do not permit such a common law cause of action in negligence. The plaintiff has failed to allege a recognizable cause of action or claim upon which relief can be granted as to the Second Count.
In the Third Count (Wanton, Willful, Reckless Misconduct CT Page 10944 as Against My Place Cafe, PJR's, Inc. and Peter Francis) of the plaintiff's Second Revised Complaint, the plaintiff has failed to sufficiently plead a cause of action for wanton, willful and reckless conduct. The relevant paragraph, Paragraph 9, reads as follows:
 9. The plaintiff's personal injuries and losses were caused by the wanton, willful and reckless misconduct of the defendant, My Place Cafe and/or defendant PJR's, Inc. and/or the defendant Peter Francis, acting individually or through their agents, servants or employees in one or more of the following ways:
 a. IN THAT although they knew or had reason to know of the dangerous propensities of the defendant, Deana Phelan, they failed to remove or evict her from the premises.
 b. IN THAT although they knew or had reason to know of the dangerous propensities of the defendant, Deana Phelan, they failed to call or notify the police.
 c. IN THAT although they knew or had reason to know of the dangerous propensities of the defendant, Deana Phelan, they failed to restrain or otherwise prevent her from causing harm to their customers, including the plaintiff.
 d. IN THAT although they knew or had reason to know of the dangerous propensities of the defendant, Deana Phelan, they failed to warn the plaintiff of the imminent danger.
The Third Count of the plaintiff's Second Revised Complaint, which alleges recklessness by these defendants, is identical to the Second Count except as to Paragraph 9 and, the addition of Paragraph 15 regarding the incurring of attorney's fees and costs. The allegations of wanton, willful and reckless conduct contained in Subparagraphs 9a, 9b, 9c and 9d of the Third Count are themselves essentially identical to the allegations of negligence contained in Paragraphs 9b, 9g, 9a and 9h respectively in the Second Count, except that rather than alleging such conduct was negligent in the Second Count, the plaintiff has inserted "wanton, willful and reckless misconduct" in the Third Count. CT Page 10945
The plaintiff has merely alleged the some cause of action in both the Second and Third Counts, and simply inserted the labels "reckless and recklessness" in place of "negligence As noted above by the Supreme Court in Research Associates, Inc., 157 Conn. at 588-89, merely referring to a basis of liability by a distinctive name is not sufficient. The Connecticut Supreme Court has on numerous occasions recognized that in action for negligence and an action for recklessness are separate and distinct causes of action and I that there is a substantial difference between negligence and recklessness.
 "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a Complaint should employ language explicit enough to clearly inform the Court and opposing counsel that reckless misconduct is relied on." Brock v. Waldron, 127 Conn. 79, 81, 14 A.2d 713; Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58. "Recklessness is a state of consciousness with reference to the consequences of one's acts. Commonwealth v. Pierce, 138 Mass. 165, 175. It `requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, `and the actor' must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent Restatement 2 Torts section 500, comment g; Rogers v. Doody, 119 Conn. 532, 535, 178 A. 51. It is `more than negligence, more than gross negligence.' Bordonaro v. Senk, 109 Conn. 428, 431, 147 A. 136. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." Mooney v. Wabrek, 129 Conn. 302, 308 27 A.2d 631.
Begley v. Kohl and Madden Printing, Inc., Co., 157 Conn. 445,450, 451 (1969).
In Dubay v. Irish, 207 Conn. 518 (1988), the Supreme Court stated that: CT Page 10946
 ". . . . we would, nevertheless, affirm the trial court's entry of summary judgment for the defendant because the plaintiff has presented no factual allegations or evidence to raise even a suspicion that the defendant's conduct was wilful, wanton or reckless.
 "Recklessness is a state of consciousness with reference to the consequences of one's acts. Commonwealth v. Pierce, 138 Mass. 165, 175 [1884] . . . . It is `more than negligence, more than gross negligence.' Bordonaro v. Senk, 109 Conn. 428, 431, 147 A. 136 [1929]. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." Mooney v. Wabrek, 129 Conn. 302, 308, 27 A.2d 631 (1942). "Wanton misconduct is reckless misconduct. Menzie v. Kalmonowitz, 107 Conn. 197, 199, 139 A. 698
(1928). `It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action.' Bordonaro v. Senk, [supra, 431]" Markey v. Santangelo, 195 Conn. 76, 78, 485 A.2d 1305 (1935); see also Brown v. Branford, 12 Conn. App. 106, 108, 529 A.2d 743 (1987). Wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. Market v. Santangelo, supra, 77. "`[Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances.' Sharkey v. Skilton, 83 Conn. 503, 507-508, 77 A. 950 (1910)." Id., 78. Not only the action producing the injury but the resulting injury also must be intentional. Id., 77.
 While we have attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing. "The result is that `willful,' CT Page 10947 `wanton,' or `reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent . . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention . . . ." W. Prosser W. Keeton, Torts (5th Ed.) section 34, p.
In the present case, the plaintiff has made essentially identical allegations to support a cause of action sounding in recklessness as those made to support a claim for negligence. The plaintiff merely substituted the label of negligence for the label of "reckless." The plaintiff has failed to allege sufficient facts to support a claim for recklessness. The Third Count of the plaintiff's Complaint and the corresponding claim for punitive damages and attorney's fees contained in Paragraphs 2 and 3 of the Claim for Relief must be stricken as a matter of law.
The motion to strike both the Second and Third Counts of the plaintiff's Second Revised Complaint and the corresponding claim for punitive damages and attorney's fees contained in Paragraphs 2 and 3 of the plaintiff's Claim for Relief is granted.
LEONARD W. DORSEY, SENIOR JUDGE