[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AMENDED SPECIAL DEFENSE
The facts as alleged in the amended complaint are as follows. On Friday, July 20, 1990, the plaintiff, William J. Willis, went to Stage Door Johnny's to watch exotic dancers perform. While he was there, the plaintiff consumed a large quantity of alcoholic beverages, rendering him severely intoxicated. The plaintiff left Stage Door Johnny's shortly after midnight on July 21, 1990. After CT Page 3397 leaving the establishment, the plaintiff fell off the Tomlinson Bridge. As a result of the fall, the plaintiff sustained serious injury.
On February 29, 1992, the plaintiff filed a two-count complaint against the defendants, Ultimate Entertainment, Inc., d/b/a Stage Door Johnny's, and John Kraft, Edward Kraft and Zidora Shiloh, officers, permittees and backers of Stage Door Johnny's. On November 20, 1992, the plaintiff filed an amended two-count complaint. The plaintiff alleges recklessness and wanton misconduct in each count of the complaint.
On January 15, 1993, the defendants filed an answer and special defense. On February 4, 1993, the plaintiff filed a motion to strike the special defense on the ground that allegations of contributory negligence are not a valid defense to a recklessness claim. On March 31, 1993, the court, Gordon, J., granted the plaintiff's motion to strike.
On March 5, 1993, the defendants filed an amended answer and special defense.
On January 18, 1994, the plaintiff filed a motion to strike the amended special defense which requested oral argument. He also filed a memorandum of law in support of his motion to strike. On February 8, 1994, the plaintiff filed a reply to the answer and special defense. Thereafter the defendants' filed a memorandum of law in opposition to the plaintiff's motion to strike.
LEGAL DISCUSSION
The plaintiff moves to strike the defendants' amended special defense on the ground that the defendants have merely realleged contributory negligence which is not a valid defense to a claim of recklessness. In opposition, the defendants argue that (1) the plaintiff has waived his right to pursue the motion to strike by filing a reply to the defendants' special defense, and (2) the special defense alleges participation and not contributory negligence.
Practice Book 112 sets forth the proper order of pleading. Section 112 provides that a plaintiff's motion to strike the defendant's answer must be filed before the plaintiff's reply to any special defenses. Practice Book 112(7) and (8). Practice Book 113 provides: "In all cases, when the court does not CT Page 3398 otherwise order, the filing of any pleading provided for by [112] will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." Practice Book 113.
The plaintiff filed his motion to strike on January 18, 1994, and filed his reply to the defendant's special defense on February 8, 1994. "The very words of 113, `when the court does not otherwise order' indicate however, that the court has discretion to allow the filing of pleadings out of order." Sabino v, Ruffolo,19 Conn. App. 402, 404, 562 A.2d 1134 (1987). Thus, because the defendant filed his motion to strike the special defense and asked for argument on his motion prior to filing his response to the special defense, this court may exercise its discretion and decide the motion to strike defendant's special defense on its merits.
A motion to strike is used to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). A motion to strike is also the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book 152.
The motion to strike must rely wholly upon the factual allegations of the pleadings. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). "The court must construe the facts in the [pleadings] in the manner most favorable to the non-moving party." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985).
The defendant's special defense alleges:
 If the plaintiff suffered any injuries, damages or losses as alleged, said injuries, damages or losses were directly and proximately caused by his own participation that alleged conduct by the defendants which the plaintiff now alleges was reckless and wanton, which such participation was a substantial factor in producing his alleged injuries.
Again, although, the special defense uses participation CT Page 3399 language, it actually sounds in contributory negligence. Contributory negligence is not a defense to an action sounding in recklessness. Bordonaro v. Senk, 109 Conn. 428, 433, 147 A. 136
(1929). Therefore, the special defense is not legally sufficient and, accordingly, the motion to strike must be granted.
CONCLUSION
Based on the foregoing, the plaintiff's Motion to Strike (#136) is granted.
So ordered.
Michael Hartmere, Judge