[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE DEFENDANTS CITY AND DAVID NUGENT
In this case the plaintiff has filed suit against the City and an employee of the City for an allegedly negligent building inspection. This negligent inspection led to damage to an addition the plaintiff constructed on her property. The defendants City and Mr. Nugent have filed a motion to strike against counts 9 and 10 which are directed at them based on (1) sovereign immunity for discretionary functions of officials; and (2) because the claims allege negligence only and are legally insufficient to raise a claim of reckless disregard under §52-557n(b)(7) and (8) of the General Statutes.
 1.
The defendants' claim that the doctrine of governmental immunity insulates them from suit must be examined in terms of the allegations of the complaint given the fact that the claim is raised by means of a motion to strike.
Both the ninth and tenth counts which are the objects of the motion state that an inspection of the property in question was made on May 6, 1983 by an employee of the City of Milford. Both counts can be read to infer that the report of said inspection indicated a footing inspection had been done but in fact no footings had been installed at the premises. Both the counts also broadly claim that the premises contained violations of the State Building Code existed when Milford employees conducted inspections.
For the purposes of this case, a two-step analysis can be applied in deciding the question of municipal immunity. First, it must be determined if the questioned activity is ministerial or discretionary. If it is ministerial, governmental immunity generally does not apply. Evon v. Andrews, 211 Conn. 501, 505 (1989).
"Ministerial" refers to a duty that is to be performed in a prescribed manner without the existence of judgment or discretion. Wright v. Brown, 167 Conn. 464, 471 (1975). A governmental or discretionary act is performed wholly for the direct benefit of the public and is supervisory or discretionary in nature. Gauvin v. New Haven, 187 Conn. 180, 184 (1982). CT Page 4072
The rule that there is immunity from liability for discretionary acts by municipal employees is subject to three exceptions or situations where liability may attach even though the activity was discretionary (1) where surrounding circumstances make it apparent to the municipal employee that his or her failure to act would be likely to subject an identifiable person to imminent harm; (2) where a statute specifically provides for a claim against a municipality or town official for failure to enforce certain statutes; and (3) where the acts involve malice, wantonness or intent to injure. Evon v. Andrews,
supra 211 Conn. at page 505.
 (A)
The first question to be answered is, was a ministerial or governmental duty involved here. In Evon, the defendant City of Waterbury was sued for failure of its employees to conduct a reasonable and proper inspection of rental properties which the City was required to conduct under various state and local statutes and regulations regarding the maintenance of such properties. 211 Conn. at page 502, footnote 4, 506. The court held that such activity, since it "required in some measure the exercise of discretion by a municipal employee" was "not ministerial" but rather governmental and barring the application of one of the previously referred to exceptions the City was immune from liability. Id. page 507.
No real distinction can be made between this type of required activity in Evon and the actions of a city employee conducting an inspection of property pursuant to a city's obligation to inspect property to ensure that an addition being constructed complies with the State Building Code — the very allegation made here. See paragraphs 17 of count nine and count ten. Thus, it has been held that activities of city employees to enforce state fire code and building statutes by conducting inspections is governmental in nature. Cf. Steiger. et ux v. Town of Old Lyme,12 Conn. L. Rptr. 171, 182 (1994). Before leaving this area of discussion it should be noted, however, that this case presents an interesting issue raised by the language in Evon. There the court noted the plaintiff argued that the failure to inspect the premises in that case was ministerial and therefore the defendant City was not immune from liability. The court then said:
 "We conclude that this is not the case. The plaintiffs do notCT Page 4073 allege that the defendant failed to inspect the dwelling. They allege the defendants failed (to make reasonable and proper inspections of the premises. They further claim the defendant failed `to conduct adequate inspections.'"
211 Conn. at page 506. (Emphasis added).
Here the allegations of the complaint can be read as claiming that a city employee in his report approved certain footing that were supposed to be placed under an addition but in fact no such footings were installed to support the addition, the addition thus sank, causing extensive damage. Is this analogous to the situation referred to in Evon — no inspection was made, thus the activity was ministerial? This would not be appropriate conclusion. The complaint makes clear some sort of inspection was made. It would create great confusion in an already confusing area if portions of a municipal inspection could be parsed out and where one required aspect of the inspection was not carried out then the failure to do so would make the failure ministerial and because of that subject the City to liability. The courts cannot get involved in the analytical quagmire of trying to determine what portions of an inspection were necessary or not necessary, whether failure to inspect or report one code violation is remedied or alleviated because certain other inspections were made, et cetera.
 (B)
The court believes it is more productive to analyze what occurred here in terms of the exceptions to the rule providing for municipal immunity when the activity is governmental. That is, a building code inspection was conducted here — that can be deduced from the allegations of the complaint, therefore, the acts of the city inspector here were not ministerial but governmental. But here a city official allegedly conducted a field inspection for footings and indeed indicated the footing inspection was approved but in fact no footings were installed. Giving the pleadings their most favorable inference, the plaintiff can be taken to allege that an intentional misrepresentation was made. For pleadings purposes, this would seem sufficient to allege that type of wanton conduct cited inEvon and other cases as the third exception to the rule barring municipal liability where ministerial acts are involved.[1] It could be argued that the plaintiff cannot fairly make this argument since she labels her counts as involving "negligent building inspection" and does not specifically allege wanton CT Page 4074 conduct. Apart from the introductory labeling, the complaint specifically alleges the City was negligent in failing to properly inspect, take remedial action and certify that hazards did not exist (count 9, paragraph 19). But in language applicable to this question, the court said the following in Home Oil v.Todd, 195 Conn. 333, 340 (1985).
 "At the outset, we emphasize that the construction of a pleading, is a question ultimately for the court. . . . When a case requires the court to determine the nature of a pleading filed by a party, we are not required to accept the label affixed to that pleading by the party."
This is necessarily so in light of Amodio v. Cunningham,
supra; we are a fact pleading state and Amodio states "[w]e take the facts to be those alleged in the amended complaint construed in a manner most favorable to the pleader [the non-moving party]." Id., page 82. A court can fairly conclude that certainfacts may give rise to legal theories not even referred to in the actual pleadings.
 2.
It seems also that a necessary consequence of the foregoing discussion is that the defendants' second argument must also fail — that a legally sufficient claim has not been made under §52-557 (n)(b)(7) and (8) of the General Statutes. The defendants note that in counts 9 and 10 the plaintiff makes a claim of negligence and state the City was negligent in failing to properly inspect, take remedial action and certify that hazards did not exist. (Count 9, paragraph 19). As the defendants correctly note in their brief, § 52-557n(b)(7) and (8) codifies the exceptions to the rule of qualified immunity of city officials acting in governmental functions. The exception only operates under each statute when the city official acts in "reckless disregard for health or safety." The defendants go on to argue that the plaintiff alleges no facts which can support a claim for reckless and wanton conduct as opposed to negligent activity. Cf. Dubay v. Irish, 207 Conn. 518, 532 (1988). The nostrums of Dubay are referred to — reckless or wanton conduct requires a conscious choice of a course of action with the knowledge of the serious danger presented thereby to others. At one point, the Dubay court says "wilful misconduct" is intentional conduction designed to injure, then the court says CT Page 4075 wilful, wanton or reckless conduct have been treated as meaning the same thing. Then the court says this type of conduct is "highly unreasonable," it is "aggravated negligence" more than "any mere mistake," "more than mere thoughtlessness or inadvertence or simply inattention." Id., page 533. In a word, "it is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action."Bordonaro v. Senk, 109 Conn. 428, 431 (1929).
Here it is alleged that the addition in question lacked footings, it can be inferred from the complaint that the lack of footings caused the addition to settle causing extensive damage to the plaintiff, and that in an official report prepared by a city employee, that employee indicated he inspected footings and they were approved. The inference can be drawn that he put something in the report that was not true and he must have known it was not true. The court cannot say that such conduct cannot be characterized as reckless or wanton given the favorable inferences that must be given to the complaint.
The motion to strike is denied.
Corradino, J.