**Elizabeth LEE, Executrix of the Estate of George F. Lee Sr. and Elizabeth Lee on Behalf of Herself**

v.

**Kenneth J. COSS and Silver City Express**

**Elizabeth Lee, Executrix of the Estate of George F. Lee Sr. and Elizabeth Lee on Behalf of Herself**

v.

**Badger Freight Service And Nevada Freight Service.**

**Nos. 3:95cv922(AHN), 3:96cv976(AHN).**

United States District Court, D. Connecticut.

Feb. 5, 1999.

Kevin T. Nixon, James A. Mulhall, Jr., Nixon & Mulhall, Naugatuck, CT, Robert B. Adelman, Joram Hirsch, Adelman, Hirsch & Newman, Bridgeport, CT , for Plaintiff.

Robert S. Bystrowski, Patrick M. Mullins, Morrison, Mahoney & Miller, Hartford, CT , for Intervenor-Plaintiff.

Steven H. Malitz, James V. Somers, Heather M. Dubian, Anthony Rosato Minchella, Halloran & Sage, Hartford, CT, John William Dietz, Halloran & Sage, Westport, CT, Mark B. Seiger, Edwards & Angell, Hartford, CT, for Defendants.

## RULING ON DEFENDANTS' POST–VERDICT MOTIONS

NEVAS, District Judge.

The plaintiff, Elizabeth Lee ("Lee"), as executrix of her deceased husband's estate and on behalf of herself, brings these consolidated actions against the defendants, Kenneth J. Coss ("Coss"), Silver City Express, Inc. ("Silver City"), Badger Freight Service, Inc. ("Badger Freight"), and Nevada Freight Service, Inc. ("Nevada Freight") [hereinafter, collectively, the "defendants"] alleging wrongful death and loss of consortium.

Now pending before the Court is defendants' Motion for a New Trial and For Remittitur. For the following reasons, the motion [doc. # 107] is DENIED.

### STANDARD OF REVIEW

In regard to whether a court may grant a new trial, Fed.R.Civ.P. 59 states:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States
> ....

Rule 59(a), Fed.R.Civ.P. In general, a trial judge has "discretion to grant a new trial if the verdict appears to [the judge] to be against the weight of the evidence.... This discretion includes overturning verdicts for excessiveness and ordering a new trial without qualification, or conditioned on the verdict winner's refusal to agree to a reduction (remittitur)." *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 433, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) (citation and internal quotation marks omitted). A "district court ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Smith v. Lightning Bolt Prod., Inc.,* 861 F.2d 363, 370 (2d Cir.1988) (citations omitted). "The denial of a motion for a new trial will not be reversed unless the denial constituted a clear abuse of discretion." *Id.* (citations omitted).

"It is well settled that calculation of damages is the province of the jury." *Ismail v. Cohen,* 899 F.2d 183, 186 (2d Cir.1990). Nevertheless, a district court has authority to enter a conditional order of remittitur, compelling a plaintiff to choose between reduction of an excessive verdict and a new trial:

> in at least two distinct kinds of cases: (1) where the court can identify an error that caused the jury to include in the verdict a quantifiable amount that

should be stricken, ... and (2) more generally, where the award is intrinsically excessive in the sense of being greater than the amount a reasonable jury could have awarded, although the surplus cannot be ascribed to a particular, quantifiable error.

*Trademark Research Corp. v. Maxwell Online, Inc.,* 995 F.2d 326, 337 (2d Cir. 1993) (citation and internal quotation marks omitted). Where there is no particular discernable error, the Second Circuit has generally held that a jury's damage award may not be set aside as excessive unless "the award is so high as to shock the judicial conscience and constitute a denial of justice." *O'Neill v. Krzeminski,* 839 F.2d 9, 13 (2d Cir.1988) (citations and internal quotation marks omitted). Where the court has identified a specific error, however, the court may set aside the resulting award even if its amount does not "shock the conscience." *See Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 165 (2d Cir.1998). "In either circumstance, the district court's evaluation that damages are excessive is reviewed for abuse of discretion." *Id.* (citations omitted).

■ Under Connecticut law, "[a]ssessment of damages is peculiarly within the province of the jury and their determination should be set aside only when the verdict is plainly excessive and exorbitant." *Wochek v. Foley,* 193 Conn. 582, 586, 477 A.2d 1015 (1984) (citations omitted). The Connecticut Supreme Court has stated that:

> The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.

*Holbrook v. Casazza,* 204 Conn. 336, 360, 528 A.2d 774 (1987) (citations and internal quotation marks omitted). Evidence offered at trial relevant to damages must be reviewed in the light most favorable to sustaining the verdict. *See id.*

## BACKGROUND

Around 7:30 in the morning on June 13, 1994, George Lee was driving a delivery van eastbound near exit 15 on Interstate 84 when his vehicle collided with a tractor trailer driven by Coss. Coss had experienced problems with his tractor trailer and had stopped it in a position that partially blocked the climbing lane on a hill just east of exit 15. George Lee died at the scene of the accident.

A jury heard evidence and arguments in this case from October 13, 1998 to October 16, 1998. After a day and a half of deliberations, the jury returned a verdict in favor of Lee. The jury found that Coss had been reckless and awarded damages of $506,000 for the wrongful death of Lee's husband and $750,000 for her loss of consortium. Lee is also entitled to prejudgment interest.

## DISCUSSION

The defendants allege a number of errors which they maintain warrant granting a new trial in this case. First, they argue that the Court should have instructed the jury to consider George Lee's contributory and comparative negligence even if they found Coss to have been reckless. Second, they claim that the evidence at trial was insufficient to support a finding of recklessness. Third, the defendants argue that the Court erred by not submitting specific interrogatories on each element of negligence and recklessness. Fourth, they contend that Lee failed to provide sufficient evidence that George Lee would have altered his behavior had Coss deployed warning triangles behind his tractor trailer. Fifth, they claim that the Court erred by allowing the fee agreement between Lee and her attorneys into evidence. In the alternative, the defendants argue that a remittitur of one-third should be ordered.

■ First, the defendants argue that the Court should have instructed the jury to consider George Lee's contributory and comparative negligence even if they found Coss to have been reckless. In support of this claim, they cite two Connecticut Supreme Court cases, *Bhinder v. Sun Co., Inc.*, 246 Conn. 223, 717 A.2d 202 (1998) and *Dubay v. Irish*, 207 Conn. 518, 542 A.2d 711 (1988), a Connecticut Superior Court case, *Cunningham v. Eisenstein*, 4 Conn. Ops. 1187 (October 19, 1998), and several cases from other jurisdictions.

■ The long-standing rule in Connecticut is that "contributory negligence [does] not bar an action based on reckless or wanton misconduct, as the fault of the defendant would be more culpable than the fault of the plaintiff." Wright & Ankerman, *Connecticut Law of Torts*, 3d Ed., § 62 (citing *Bordonaro v. Senk*, 109 Conn. 428, 433, 147 A. 136 (1929)). While *Bordonaro* was decided prior to Connecticut adopting comparative negligence, one Connecticut Superior Court has recently relied on *Bordonaro* for the proposition that: "[c]ontributory negligence is not a defense to an action sounding in recklessness." *Willis v. Ultimate Entertainment*, No. CV 92–0335743–S, 1994 WL 112214, at *2 (Conn.Super.Mar. 28, 1994).

Here, the Court holds that neither *Dubay* nor *Bhinder* logically compels the conclusion that contributory and comparative negligence are a defense to a finding of recklessness.[1] In *Dubay*, the Connecticut Supreme Court merely recognized that recklessness is a form of aggravated negligence. *See* 207 Conn. at 718–19, 543 A.2d 709. *Bhinder*, on the other hand, dealt specifically with apportionment between defendants, not between a plaintiff and a defendant. *See* 246 Conn. at 242, 717 A.2d 202. This distinction is crucial because in the apportionment context, the percentage of fault does not matter. However, in the contributory negligence context, a plaintiff

cannot recover damages unless the plaintiff's "negligence [is] not greater than the combined negligence of the person or persons against whom recovery is sought." Conn. Gen.Stat. § 52–272h(b). The reasoning of *Bhinder* does not mandate (1) that fault should be allocated between a reckless defendant and a negligent plaintiff or (2) if fault is so allocated, that a negligent plaintiff found greater than 50% responsible should be barred from recovery against a reckless defendant entirely as opposed to only having his or her damage award reduced proportionately. Whether a reckless defendant should be able to escape liability because a negligent plaintiff is found more than 50% responsible is not a question the Connecticut Supreme Court has squarely addressed. Neither *Dubay* nor *Bhinder* inexorably requires that a negligent plaintiff, even if not barred from recovery against a reckless defendant, must have his or her damage award reduced. The mere fact that jurors can allocate fault between negligent and reckless parties does not mean that they must. Given the uncertainty of Connecticut law on these issues, the Court cannot conclude that the jury's verdict in this case was a seriously erroneous result or a miscarriage of justice such that a new trial is warranted.

■ Second, the defendants claim that the evidence at trial was insufficient to support a finding of recklessness. Lee alleged that Coss recklessly operated a tractor trailer with a defective brake mechanism in violation of Conn. Gen.Stat. § 14–222, that Coss continued to drive for a considerable distance before stopping after he noticed that his brakes were malfunctioning, that Coss did not pull off the highway as soon as he realized that his brakes were malfunctioning, that Coss stopped the tractor trailer in the traveled portion of the highway, and that Coss recklessly failed to place warning triangles

1. The other cases defendants rely on in their briefs are all either non-binding or inapposite. In particular, the Court notes that *Cunning-* *ham* is non-binding and that its reasoning is not persuasive.

behind his stopped tractor trailer. In particular, the defendants argue that there was no evidence that Coss drove with a defective brake mechanism and that because the jury did not have specific interrogatories it is impossible to know whether they found reckless behavior based on insufficient evidence. They rely primarily on *Dubay* in support of their argument. *See* 207 Conn. at 534–35, 542 A.2d 711.

The Court finds that *Dubay* does not compel the conclusion that the jury erroneously found Coss reckless. In *Dubay*, the court held that the defendant-mother had not been reckless because she had been actively engaged in trying to help her daughter. *See id.* Here, in contrast, based on the evidence presented at trial, the jury reasonably could have found that Coss returned to and sat in his cab for twenty or more minutes. Further, the jury reasonably could have found that Coss was reckless because he failed to pull his tractor trailer over and off to the side of the road at an earlier point or because he failed to place warning triangles behind his tractor trailer. Lastly, even though there was no direct evidence of Coss's brakes being defective, the jury could have reasonably inferred that they were defective given the air pressure warning light Coss saw and the fact that his brakes did lock up.

The defendants also argue that Lee's recklessness claims are only her negligence claims relabeled. They maintain that a "plaintiff cannot transform a negligence count into a count for willful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." *Brown v. Branford*, 12 Conn.App. 106, 110, 529 A.2d 743 (1987). The Court is not persuaded. As previously stated, the Court believes that there was sufficient evidence in this case to support a finding of recklessness. Therefore, the allegation that Lee's recklessness claims are merely her negligence claims relabeled is not well-taken.

Third, the defendants argue that the Court erred by not submitting specific interrogatories on each element of negligence and recklessness. The defendants claim that there was no evidence to support the count of recklessness that alleged that Coss operated his tractor trailer with a defective brake mechanism. Therefore, the defendants argue, the jury should have been required to return a verdict on each count of recklessness so the defendants would know if the jury's verdict was erroneous and appealable.

A district court "may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact." Fed.R.Civ.P. 49(a). "The purpose of a Rule 49(a) special verdict is to identify the basis for the jury's verdict, and thus to avoid confusion, appellate uncertainty, and the need for additional proceedings." *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1310 (2d Cir.1993) (citation omitted). "The particular language to be used in written questions put to the jury for a special verdict lies within the discretion of the trial court." *Id.* at 1310–11 (citations omitted). Given the Court's determination that sufficient evidence existed for the jury to find Coss reckless, the Court is not persuaded that the jury should have been given specific interrogatories on each count of recklessness. The Court believes that sufficient facts were presented at trial to warrant the inference on the part of the jury that Coss operated his tractor trailer with a defective brake mechanism.

Fourth, the defendants allege that Lee failed to provide sufficient evidence that her husband would have altered his behavior had Coss deployed warning triangles behind his tractor trailer. They argue that Lee failed to prove that Coss's failure to put the warning triangles out was the proximate cause of George Lee's death because there was no evidence that had the warning triangles been in place George Lee would have changed his conduct. The defendants claim that Lee had

the burden of showing that the accident occurred because of Coss's failure to warn. They maintain that the "test for cause in fact is would the injury have occurred were it not for the defendant's negligent conduct." *Purzycki v. Fairfield,* 244 Conn. 101, 113, 708 A.2d 937 (1998). The Court is not convinced.

The Court finds defendants' reliance on *Purzycki* puzzling. In *Purzycki,* a child was injured at school when he was tripped by another student and fell through a window in a hallway that was not monitored. *See* 244 Conn. at 103–04, 708 A.2d 937. The Connecticut Supreme Court rejected the defendants' argument that because the plaintiffs failed to show that the chid's injury would not have occurred if monitors had been in place that causation was not proven. *See id.* Instead, the court determined that, given that children are known to engage in horseplay when not supervised and that the children were supervised at all other times, a jury reasonably could have found that the failure to supervise the children in the hallway was a substantial factor in causing the child to run in the hallway. *See id.* at 113–14. *Purzycki,* therefore, implies that direct evidence that the injured person would have behaved differently is not needed. Instead, jurors can rely on circumstantial evidence and their own knowledge to reach their conclusion. Jurors are instructed to use their good common sense and their everyday life experience in reaching their verdict. Here, the testimony by the human factors expert, Dr. Stephen Wilcox, in conjunction with the jurors own experience and knowledge provided a sufficient basis to support a finding of causation.

■ Fifth, the defendants argue that the Court erred by allowing the fee agreement between Lee and her attorneys into evidence. They claim that the fee agreement was both irrelevant and prejudicial. They maintain that the agreement was irrelevant because, although Lee sought common law punitive damages, the amount of those damages would be determined by the court. In addition, the defendants argue that the fee agreement was prejudicial because it reinforced to the jury that in order for Lee and her attorneys to be compensated there had to be a plaintiffs' verdict. Further, they allege that by letting the jury know the details of the fee agreement a danger arose that the jury would award additional compensatory damages to the plaintiffs in order to offset their attorneys' fees.

■ The Court is not persuaded that allowing the fee agreement into evidence constitutes an error that requires a new trial. The jurors were properly instructed in this case that attorneys' fees would only be given if the jurors awarded common law punitive damages and that the court would determine the amount of the fees. Absent extraordinary circumstances the law assumes that jurors follow the jury instructions. *See Richardson v. Marsh,* 481 U.S. 200, 206, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); *Francis v. Franklin,* 471 U.S. 307, 325 n. 9, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *see also Trademark Research Corp. v. Maxwell Online, Inc.,* 995 F.2d 326, 340 (2d Cir.1993). The defendants have not provided this Court with any reason to believe the jurors did not follow their instructions in this case. In regard to the defendants' second and third arguments, the Court does not believe that the admission of the fee agreement reinforced to the jurors the idea that they should return a plaintiffs' verdict. Further, it is common knowledge that where there is a verdict in favor of a plaintiff, her attorneys will benefit from such a verdict.

As an alternative to a new trial, the defendants argue that a remittitur of one-third should be ordered. They maintain that because the jury improperly had the fee agreement before it, the jury had the opportunity to erroneously award compensatory damages which included a portion for attorneys' fees. The Court is not convinced. As recognized above, jurors are presumed to have followed the jury instructions. *See, e.g., Richardson,* 481 U.S.

at 206, 107 S.Ct. 1702. The defendants have not provided the Court with any reason to believe the jurors did not do so in this case. Further, the Court notes that the defendants do not specifically claim that the verdict was "so high as to 'shock the judicial conscience.'" *Schneider v. National R.R. Passenger Corp.*, 987 F.2d 132, 137 (2d Cir.1993) (quoting *Nairn v. National R.R. Passenger Corp.*, 837 F.2d 565, 567 (2d Cir.1988)).

## CONCLUSION

For the reasons stated above, defendants' Motion for a New Trial and For Remittitur [doc. # 107] is DENIED.