[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE
According to the complaint, the plaintiff and the defendant Basile were involved in an automobile accident. The first count alleges negligence per se, the second count negligence, and the third count alleges recklessness in violation of § 14-295 of the General Statutes, The defendants have moved to strike the third count on the ground that there are no factual allegations sufficient to support the conclusion of recklessness. The plaintiff responds, essentially, that the statute does not require such a factual recitation.
I am aware of and have read many of the myriad of trial court cases which address the various permutations of the pleading requirements of a count brought pursuant to § 14-295. I believe that in enacting §14-295 the legislature did not intend to change our longstanding and deeply imbedded requirements regarding fact pleading. See, e.g., § 10-1
of the Practice Book. The General Assembly is presumed to act with knowledge of the common law, and, as a rule of statutory construction, any ambiguity is to be resolved against a change of the common law. "[Sitatutory interpretation is a question of law." (Internal quotation marks omitted.) Collins v. Colonial Penn Ins. Co., 257 Conn. 718, 728,778 A.2d 899 (2001). "When we construe a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the CT Page 14157 legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . Furthermore, [w]e presume that laws are enacted in view of existing relevant statutes . . . because the legislature is presumed to have created a consistent body of law." (Internal quotation marks omitted.) Id., 728-29. "In the absence of guidance from the language of the statute or the legislative history, we look to common law principles. . . . It is assumed that all legislation is interpreted in light of the common law at the time of enactment." (Citations omitted.; internal quotation marks omitted.) Statev. Miranda, 245 Conn. 209, 220 n. 13, 715 A.2d 680 (1998).
Section 14-295, then, allows double or treble recovery for recklessness when certain statutory violations have been alleged and proved. The language of the statute does not specifically say anything at all about fact pleading or notice pleading — only that the trier of fact may award punitive damages when specific violations of certain statutes, and their causal effects, have been alleged. In the absence of any express language changing pleading requirements, and in the absence of any apparent or implied need to eliminate fact pleading in order to accomplish legislative intent, I think it unlikely that the legislature intended to change the procedural requirements of our practice. I have not been alerted to the existence of any statutorily created causes of action which, in the language creating the right, also require factual pleading, yet we require factual pleading. It would be incongruous for the legislature to have intended to create a marked exception to our practice without expressly saying so. There also is no impediment to accomplishing the obvious legislative purpose, of imposing punitive-type damages in specifically enumerated situations, if fact pleading is required.
We then turn to the complaint to determine whether the facts alleged in the complaint support the conclusory allegations of recklessness in the third count. The factual allegations, including those incorporated by reference from other counts, are that the plaintiff was stopped at an intersection when the defendant Basile approached the intersection from behind the plaintiff. "[T]he defendant observed the Plaintiff stopped in the roadway with her left turn signal on and attempted to stop prior to colliding with the Plaintiff's vehicle and was unable to do so." Paragraph 7 of the third count. Recklessness requires some element of knowledge of a substantial risk and disregard of it, such that the actor acts with conscious disregard of the rights of others.
"Recklessness is a state of consciousness with reference to the consequences of one's acts. Commonwealth v. Pierce, 138 Mass. 165, 175
CT Page 14158 [1884]. . . . It is `more than negligence, more than gross negligence.'Bordonaro v. Senk, 109 Conn. 428, 431, 147 A. 136 [1929]. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." Mooney v.Wabrek, 129 Conn. 302, 308, 27 A.2d 631 (1942). "Wanton misconduct is reckless misconduct. Menzie v. Kalmonowitz, 107 Conn. 197, 199, 139 A. 698
(1928). `It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. 'Bordonaro v. Senk, [supra, 431]." Markey v. Santangelo, 195 Conn. 76,78, 485 A.2d 1305 (1985); see also Brown v. Branford, 12 Conn. App. 106,108, 529 A.2d 743 (1987).
 Dubay v. Irish, 207 Conn. 518, 532 (1988).
The facts as alleged, then, do not support the conclusion that the defendant drove recklessly, because all that is pleaded is that the defendant saw the plaintiff stopped ahead of him, tried to stop and was unable to do so in time. That is classic negligence, perhaps, but not conscious disregard of a risk. The motion to strike the third count is granted.
Beach, J.