[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action to recover damages from an amusement park for causing the death of a six-year old boy who was permitted to ride alone in a "Lake Plunge" ride down a water slide in an inner tube which flipped over, causing the decedent to be thrown beneath the surface of the lake and suffer injuries which led to his death six days later.
This action is in two counts, the first alleging negligence, the second alleging recklessness.
Defendant moves to strike the second count on the ground that the allegations are essentially a re-hash of those in the First Count and in any event are insufficient to sustain a cause of action in recklessness.
Defendant urges utilizing the definition of recklessness in Bishop v.Kelly, 206 Conn. 608, 614 (1988) requiring plaintiff to prove that defendant made a "conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man."
Plaintiff urges the early definition of recklessness set forth inBordanaro v. Senk, 109 Conn. 428, 147 A. 136 (1929) and restated inMarkey v. Santengelo, 195 Conn. 76, 78, 485 A.2d 1305 (1985) as "such conduct as indicates a reckless disregard of the just rights or safety of others or the consequences of the action." In Dubay v. Irish,207 Conn. 518, 532 (1988) our Supreme Court seemed to approve the basic definition in Bordanaro v. Senk.
Paragraph 22 of the Second Count alleging reckless conduct reads as follows:
 The defendant, its agents, servants and/or employees were wanton and reckless in one or more of the following ways: in allowing, causing and/or permitting said water slide to be used without proper and adequate ride restriction policy; in failing to have a stronger ride restriction policy for said water ride; in allowing, causing and/or permitting infants to ride said water slide without the use of life jackets and/or vests; in failing to require infants riding said water ride to wear life jackets and/or vests; in failing to have an adequate and appropriate height CT Page 9367 requirement on said water ride; in failing to see that infant plaintiff was too small to ride said water ride without an adult; in causing and/or permitting deceased plaintiff to be thrown beneath the surface of the lake from said water slide; in putting the plaintiff in a position of peril; in creating a trap; in failing to prevent the infant plaintiff from entering into an area and position of danger; and the defendant, its agents, servants and/or employees were in other ways wanton and reckless.
This is not a repetition of the language in Paragraph 18 of the First Count, which is almost twice as long, but rather an attempt to focus on those factual allegations which would amount to reckless conduct.
Defendant stresses that the allegations of recklessness in the Second Count are factually identical to the allegations of negligence in the First Count, but that consideration is not, of itself, sufficient to make the allegation of recklessness in the Second Count insufficient. SeeBarone v. Connecticut Development Authority, 2001 Conn. Super. Lexis 987, Superior Court, Judicial District of New Britain, Docket No. CV 00-0504617 (April 2, 2001, Shapiro, J.).
It is unnecessary to analyze in greater detail the sufficiency of Paragraph 22 of the Second Count because it is the view of this court that at least one of the allegations, i.e. "failing to see that infant plaintiff was too small to ride said water ride without an adult", supplemented by all the other allegations of the ride's height and lack of safety measures, adequately sets forth a claim of reckless conduct sufficient for a trier of fact to consider.
Motion to Strike Second Count denied.
Wagner, JTR