[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTIONS TO STRIKE (125.00, 149.00, 155.00) 
In this product liability action, the plaintiff, Ronald Hawkins, has sued the wholesalers, distributors and sellers of a certain wheelbarrow for injuries allegedly incurred while he was inflating a tire on the wheelbarrow and the tire's "rim split hitting . . . [him] in the head and thereby causing . . . serious and permanent injuries." Amended Complaint, First Count, Paragraph 5. Hawkins is seeking, inter alia,
punitive damages pursuant to General Statutes § 52-240 (b) which allows such damages in product liability actions if it is proven that the claimed injuries resulted from a "product seller's reckless disregard for the safety of product users, consumers or others . . ."
The defendants, Handyman Hardware, LLC, Ace Hardware Corporation, and Creative Specialties International have moved to strike the claim for punitive damages asserting that the fact allegations in the Amended Complaint are insufficient to support a claim pursuant to § 52-240
(b).
The court in ruling upon a motion to strike is limited to considering the facts alleged in the subject pleading, and the court must construe the facts most favorably toward the pleader. Faulkner v. UnitedTechnologies, Corp. , 240 Conn. 576 (1997). For the purposes of a motion to strike, the moving party admits all well pleaded facts. PKConstructors, Inc. v. Fusco Corp. , 231 Conn. 381 (1994). However, conclusions of law, not supported by the facts are not admitted.Novametrix Medical Systems, Inc., v. BOC Group, Inc., 224 Conn. 210
(1992).
The Connecticut Supreme Court in Dubay v. Irish, 207 Conn. 518 (1988), has set forth the definition of recklessness. "It is more than negligence, more than gross negligence." Id. 532 [quoting Mooney v.Wabrek, 129 Conn. 302 (1942), and Bordonaro v. Senk, 109 Conn. 428
CT Page 1957 (1929)]. The Connecticut Supreme Court noted that the terms "wilful" "wanton" and "reckless" have generally the same meaning and it is "highly unreasonable conduct, involving an extreme departure from ordinary case . . . more than thoughtlessness, or inadvertance, or simply inattention."Id. 533 [quoting Prosser Keeton, Torts (5th Ed.) § 34, p. 214].
The allegations of the Amended Complaint which are the focus of the motions to strike appear at Paragraph 6 of the first count against Handyman Hardware, LLC and are repeated in the counts directed at the other defendants. The allegations read:
 The defendant . . . knew or should have known that the Wheelbarrow was defective . . . was dangerous and was not safe for use by the plaintiff . . . and the general public and failed to disclose such information to the plaintiff or the general public.
This court finds the above allegations insufficient to support a claim for punitive damages based on reckless action. The `knew or should have known language' traditionally connotes negligent behavior and the pleading as stated would allow punitive damages to be imposed even if the lack of knowledge was the result of inadvertance or mere mistake. Similarly, the failure to disclose allegation in the Amended Complaint could result from not having the information at all, or again by inadverance. Taken as a whole, the Amended Complaint fails to plead facts that allege the defendants' conduct evinced the "state of consciousness with reference to the consequences of one's acts required for recklessness." Dubay v. Irish, supra, 207 Conn. 532.
The motions to strike the claim for punitive damages are granted.
TAGGART D. ADAMS
SUPERIOR COURT JUDGE CT Page 1958
CT Page 1958