RESEARCH ASSOCIATES, INC. *v.* NEW HAVEN
REDEVELOPMENT AGENCY

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 1—decided October 23, 1968

*Benjamin M. Chapnick,* for the appellant (plaintiff).

*George C. Hastings,* with whom was *Alan R. Spier,* for the appellee (defendant).

PER CURIAM. This appeal is taken from a judgment rendered following the sustaining of a demurrer to three counts of a substituted complaint purporting to assert causes of action for breach of a promise, fraud, and illegal exercise of statutory authority. Prior litigation between the parties arising from the same events is reported in 153 Conn. 118, 214 A.2d 375, and 152 Conn. 137, 204 A.2d 833.

The record discloses several preliminary procedural irregularities, but the basic and controlling question is whether the court erred in sustaining the demurrer to the three counts of the substituted complaint. We conclude that it did not and that the demurrer was well taken. The burden rests on the plaintiff to allege a recognizable cause of action, and it is not sufficient that a complaint refer to a basis of liability by some distinctive name. *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 22, 213 A.2d 449; *Anderson* v. *Colwell,* 93 Conn. 61, 65, 104 A. 242. A demurrer does not admit legal conclusions; *McAdam* v. *Sheldon,* 153 Conn. 278, 282, 216 A.2d 193; and, in any action, the complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a

right to relief, for, unless that is done, the pleading is demurrable. *Rossignol* v. *Danbury School of Aeronautics, Inc.*, 154 Conn. 549, 558, 227 A.2d 418.

There is no error.