[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Turner Construction Company (Turner) filed an amended four count complaint alleging a count of breach of contract and a count of unjust enrichment, separately, against Eppoliti, Inc. (Eppoliti) and Employers Insurance of Wausau A Mutual Company (Wausau), the defendants. In its amended complaint, Turner alleges the following facts. On August 8, 1988, Turner contracted with Weslyan University to build a sports complex. On October 12, 1988, Turner subcontracted with Eppoliti to supply all of the labor and materials for the masonry work associated with the contract. Turner alleges that Eppoliti was liable for any damage resulting from Eppoliti's failure to perform according to the subcontract. Under that subcontract, Eppoliti was required to furnish a performance bond in favor of Turner. Turner alleges that on or about November 3, 1988, Eppoliti did, as principal, and Wausau, as surety, execute a performance bond in favor of Turner. Turner contends that Eppoliti did not perform the work according to the subcontract and that it has been damaged. Turner further asserts that Wausau has retained the full benefit of the subcontract as if Eppoliti had fully performed under the subcontract, and that Wausau has been unjustly enriched to the detriment of Turner.
On August 28, 1996, Wausau filed a motion to strike the fourth count of the amended complaint on the ground that the said complaint fails to state a claim for unjust enrichment. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825
(1996).
In its memorandum in support, Wausau argues that Turner has failed to allege any facts that show that Wausau benefited under the terms of the subcontract with Eppoliti, that Wausau CT Page 576 unjustly did not pay for the benefit or that Wausau retained this benefit to the detriment of Turner. In its memorandum in opposition, Turner argues that Wausau benefited under the subcontract because it did not pay its obligation under the performance bond. Turner further argues that the defendants have refused to pay for the corrective work done by Turner as required under the subcontract.
"Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract. . . . Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy. . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Citations omitted; internal quotation marks omitted.) HartfordWhalers Hockey Club v. Uniroyal Goodrich Tire Co., 231 Conn. 276,282-83 (1994).
In the present case, Turner alleges that it was the obligee under a performance bond assured by Wausau, that Eppoliti did not perform under the subcontract, and that it had to repair Eppoliti's masonry work at its own expense contrary to the terms of the subcontract. Turner further claims that Wausau "retained the full benefit of the Subcontract as if Eppoliti had fully performed under the subcontract." These allegations fail to set forth facts that, if proven, would demonstrate how Wausau, who was not an alleged party to the subcontract, benefited under the subcontract.
Turner continues by asserting that Eppoliti's failure to perform the work has caused it damage and Wausau retained the benefit of the subcontract as if Eppoliti had fully performed under the contract. These allegations are void of any facts that demonstrate that Wausau did not unjustly pay Turner for an alleged benefit it received under the subcontract.
"The burden rests on the plaintiff to allege a recognizable cause of action, and it is not sufficient that a complaint refer to a basis of liability by some distinctive name . . . the complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a right to relief, for, unless that is done, the pleading is [subject to a CT Page 577 motion to strike]." Research Associates, Inc. v. New HavenRedevelopment Agency, 157 Conn. 587, 588-89 (1968). In the present case, Turner has failed to allege facts that, if taken as true, establish its right to relief. In its memorandum in opposition, Turner seeks to construe the allegations for the court and, in doing so, alleges facts that are not contained in the fourth count. The court cannot consider these additional allegations. "The trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281,285-86 (1982). To do so constitutes a speaking motion to dismiss, which has always been a classic, fatal flaw. (Speaking demurrer.)
Accordingly, Wausau's motion to strike the fourth count of the amended complaint is granted.
Moraghan, J.