[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#112)
By writ, summons and complaint dated April 17, 1997, the plaintiffs, Steven Odorczuk, PPA and Donata Odorczuk, have commenced this action for damages based upon a claim for personal injuries allegedly sustained while the minor plaintiff was a student at the Har-Bur Middle School on April 24, 1995. The complaint is composed of ten counts. Only the fourth count is directed to this defendant.
The first, second and third counts sound in negligence and are directed to the minor defendant's mother, father and step-mother, respectively. The fourth count is directed to the Region 10 Board of Education and sounds in negligence. The fifth, sixth and seventh counts are directed to the minor defendant, Geoffrey Tirrell, and sound in intentional assault, reckless misconduct, and negligent assault, respectively. The eighth, ninth and tenth counts are directed to the minor defendant's mother, father and step-mother, respectively, and seek recovery pursuant to C.G.S. CT Page 9350 § 52-572.
With the fourth count, the plaintiffs allege that Steven Odorczuk was a student at Har-Bur Middle School in Harwinton on April 24, 1995 and was participating in a physical education class under the direction of the physical education teacher, Mrs. Wartonick. (Fourth Count, ¶ 8). Mrs. Wartonick is not a party to this action.
The plaintiffs further allege that Steven Odorczuk accidentally struck Geoffrey Tirrell with a frisbee on said date. (Fourth Count, ¶ 9). Geoffrey Tirrell is alleged to have been a special education student at the time of the incident alleged in the plaintiff's complaint. (Count 2, ¶ 11). The plaintiffs allege that Geoffrey Tirrell suddenly approached the minor plaintiff and struck him in the head and face. (Fourth Count, ¶ 10).
The essence of the plaintiff's allegations against the Board of Education is negligent supervision of the minor defendant, Geoffrey Tirrell. Specifically, the plaintiffs allege that the defendant Board was negligent in that it:
 a. failed to provide adequate supervision of the minor defendant;
 b. failed to exercise reasonable care in controlling the minor defendant so as to prevent him from harming the minor plaintiff;
 c. failed to restrain the minor defendant, although they knew or should have known that the minor possessed a violent temper and had a propensity for violence;
 d. failed to protect the minor plaintiff from the actions of the minor defendant.
There is no allegation of any intentional conduct on the part of the Board. There is no allegation of liability pursuant to any statute. The defendant seeks to strike the fourth count of the plaintiffs' complaint.
 I
A motion to strike while admitting all well-pleaded facts, is CT Page 9351 the proper means by which to test the legal sufficiency of a cause of action. Conn. Prac. Bk. § 152; Hammon v. Digliani,148 Conn. 710 (1961). In making its determination on a motion to strike, the trial court's ruling must be decided solely upon the basis of the allegations and the pleadings. Breen v. Phelps, 186 Conn. 86, 91, n. 8 (1982). The court is not permitted to go beyond the pleadings; it is limited to the facts alleged in the pleadings. King v. Boardof Education, 196 Conn. 90, 93 (1985).
To avoid a motion to strike, "[t]he burden rests on the plaintiff to allege a recognizable cause of action, and it is not sufficient that a complaint refer to a basis of liability by some distinctive name." Research Assoc., Inc. v. New HavenRedevelopment Agency, 157 Conn. 587, 588 (1968).
Section 52-557n(b)(6) statutorily immunizes municipalities and employees thereof acting within the scope of their employment from liability in certain circumstances. Said section provides, in pertinent part, as follows:
 Liability of political subdivision and its employees, officers and agents. Liability of members of local boards and commissions. . . . (b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from . . . (6) the act or omission of someone other than an employee, officer or agent of the political subdivision; . . .
C.G.S. § 52-557n (emphasis added).
Section 52-557n(b)(6) has direct application to the instant matter, barring liability as to the Board. The Board of Education acts as an agent of the towns comprising Region No. 10. Heigl v.Board of Education, 218 Conn. 1 (1991) (board is agent of municipality which it serves, such that it may enjoy governmental immunity).
Connecticut General Statutes § 52-557n(b)(6) explicitly provides that the defendant "shall not be liable for damages to person or property resulting from . . . the act or omission of someone other than an employee, officer or agent of the political subdivision." In the fourth count, the plaintiffs allege that CT Page 9352 Geoffrey Tirrell "violently and forcefully without warning struck the minor plaintiff in the head and face, causing the injuries and damages hereinafter more particularly set forth." (Fourth Count ¶ 10). The plaintiffs do not allege that the minor defendant, Geoffrey Tirrell, was a municipal employee, officer or agent; he was a student, over whom the plaintiffs allege the defendant had a duty to supervise. (Fourth Count, ¶ 17a). Since the plaintiffs allege that their injuries were caused by someone other than a municipal employee, officer or agent, the defendant Board is immune from liability, pursuant to the clear and unambiguous terms of § 52-557n(b)(6).
The superior court has held that § 52-557n(b)(6) shields defendants, such as the Board from liability for the tortious or criminal acts of third parties. See DaSilva v. City ofBridgeport, 1992 WL 157494 (Conn.Super.Ct., Spear, J.). In granting the motion to strike in DaSilva v. Bridgeport, Judge Spear stated, "[t]his statute shields a municipality from liability . . . for the tortious or criminal acts of third parties."
In the instant matter, as in DaSilva v. Bridgeport, any injuries to the minor plaintiff resulted from the tortious conduct of a third party, Geoffrey Tirrell. Therefore, the defendant Board, is immune from liability pursuant to § 52-557n(b)(6).
 II
Section 52-557n(a)(2) of the Connecticut General Statutes provides in pertinent part as follows:
 Liability of political subdivision and its employees, officers and agents. Liability of members of local boards and commissions. . . . (a) . . . (2) Except as other provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
In the instant matter, this section provides immunity to the Region 10 Board of Education. All of the allegations of negligence against the defendant involved the performance of duties which CT Page 9353 require in some measure the exercise of judgment or discretion.Farace v. Board of Education, 7 Conn. L. Rptr. 527 (1992) ("Pursuant to the holding of Heigl v. Board of Education, supra, if a duty to supervise exists, it is a discretionary duty, and the defendant is immune from liability."); see also Arvoy v. City ofStamford, 2 Conn. L.Rptr. 317 (1990) (involving allegations that the defendant — Board employees negligently supervised another student, and in particular that they were negligent in "permitting a student with a [known] `propensity for violence to remain unsupervised in [the] school'" and that the defendants "otherwise failed to properly protect students" while on school grounds).
The Region 10 Board of Education is within the purview of § 52-557n(a)(2)(B). It is a political subdivision of the state with respect to education. R.A. Civitello Co. v. New Haven,6 Conn. App. 212, 218 (1986) ("A board of education is an agency of the state in charge of education in a town"); Bongiovanni v.Greenwich Board of Education, 1994 WL 174322 (Conn.Super.Ct., Lewis, J.) See, General Statutes § 52-557n(a)(2)(B).").
Since the allegations of negligence in the instant matter involve duties the performance of which required the exercise of judgment or discretion, pursuant to § 52-557n(a)(2)(B) the Region 10 Board of Education is entitled to judgment as a matter of law as to the fourth count of the plaintiffs' complaint.
For the foregoing reasons, the motion to strike the fourth count of the plaintiffs' complaint is granted.
HON. WALTER M. PICKETT, JR. State Judge Referee