[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE #106
Presently before the court is the defendant Whitney Village Nursery School Day Care Center's motion to strike each count of the plaintiffs complaint for failure to state legally sufficient causes of action. Said motion should be granted.
On June 29, 1999, the plaintiff, William F. Van Eck, M.D., a pro se litigant, filed a six count complaint against the defendants, Whitney Village Nursery School Day Care Center (School) and the town of East Haven (town). Van Eck alleges interference with his property rights due to a graduation ceremony held by the School for its students at a public building owned by the town. Van Eck alleges he sustained injuries and damages when visitors attending the School's graduation ceremony parked their vehicles in his medical office parking lot without his permission, because the town rented out its premises to be used for the graduation ceremony knowing that its parking lot spaces would be insufficient to accommodate the visitors' vehicles. CT Page 14133
On August 18, 1999, the town filed a motion to dismiss for lack of subject matter jurisdiction. On September 7, 1999, Van Eck filed an objection and memorandum of law in opposition to the motion to dismiss. The court, Thompson, J., marked the motion to dismiss off without prejudice.
The School filed the motion to strike on September 14, 1999 with a supporting memorandum of law. On October 1, 1999, Van Eck filed an objection and supporting memorandum of law in opposition to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RKConstructors, Inc. v. Fusco Corp. , 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994); see also Ferryman v. Groton, 212 Conn. 138, 142. "The role of the trial court was to examine the complaints, construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action."Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, cert. denied, 520 U.S. 1103, 117 S.Ct. 1106,50 L.Ed.2d 308 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825,676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215.
Connecticut is a fact pleading, state. Practice Book §10-1 states that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies. . . ." Practice Book § 10-2 states that "[a]cts and contracts may be stated according to their legal effect but in so doing the pleading should be such as to fairly apprise the adverse party of the state of facts which it is intended to prove."
The School moves to strike each of the six counts in Van Eck's complaint on the ground that each count fails to state a legally sufficient cause of action against the defendant for which relief can be granted. The first count is a trespass claim. CT Page 14134 "The essentials of an action for trespass are: (1) ownership or a possessory interest in land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the plaintiffs exclusive possessory interest; (3) done intentionally; and (4) causing direct injury." Abington Ltd. Partnership v. TalcottMountain Science Center, 43 Conn. Sup. 424, 427, citing Avery v.Spicer, 90 Conn. 576, 579; 75 Am.Jur.2d, Trespass §§ 3, 8, 14, 25, 35. "A trespass on real estate is the doing of a direct injury to property by force." Lake Garda Improvement Assn. v.Battistoni, 160 Conn. 503, 516.
Van Eck fails to allege all the essential elements for a trespass claim. The complaint contains no allegations that the School itself entered or invaded Van Eck's interest in his property, but persons allegedly attending the ceremony trespassed on his property. Particularly, Van Eck does not allege that the School intentionally invaded, intruded, or entered upon Van Eck's property thereby causing direct injury. The allegations in the trespass count, including those facts necessarily implied and fairly provable thereunder, fall short of satisfying the intent element in a trespass claim.
The second count is an intentional interference with property claim. It contains no allegations that the School itself directly intended to interfere with Van Eck's property interest or caused direct injury to the plaintiffs property. Rather, Van Eck alleges that the School "intended to interfere with [Van Eck's] property by allowing the participants" in the graduation ceremony "to trespass upon [Van Eck's] lands and deposit their automobiles thereupon." (Complaint, Count Two, ¶ 10.) Van Eck fails to allege that the School had any legal duty to prevent the participants from entering upon Van Eck's property. "The plaintiff in a tortious interference claim must demonstrate malice on the part of the defendant, not in the sense of ill will, but intentional interference without justification. . . . In other words, the [plaintiff] bears the burden of alleging and proving lack of justification on the part of the [defendant]." (Citation omitted; emphasis added; internal quotation marks omitted.) Daley v. Aetna Life Casualty Co., 249 Conn. 766, 806. Van Eck fails to allege that the School intentionally interfered with his property without justification.
The third count is a negligence claim. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RKCT Page 14135Constructors, Inc. v. Fusco Corp. , supra, 231 Conn. 384. "The existence of a duty is a question of law [for the court to decide] and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . . We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Citations omitted; internal quotation marks omitted.) Mendillo v. Board ofEducation, 246 Conn. 456, 483-84. Furthermore, "the conclusion that a particular injury to a particular plaintiff or class of plaintiffs possibly is foreseeable does not, in itself, create a duty of care." Waters v. Autuori, supra, 236 Conn. 827. "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." RK Constructors, Inc. v. Fusco Corp. , supra,231 Conn. 384-85.
Van Eck fails to allege the essential element of legal duty. Merely stating, as Van Eck has in his complaint, that the defendant acted negligently and caused the plaintiff to suffer injuries fails to establish a negligence claim. "The burden rests on the plaintiff to allege a recognizable cause of action, and it is not sufficient that a complaint refer to a basis of liability by some distinctive name. . . . [T]he complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a right to relief, for, unless that is done, the pleading is demurrable." Research Associates, Inc. v. NewHaven Redevelopment Agency, 157 Conn. 587, 588-89.
The fourth count is a claim for unreasonable risk. Van Eck alleges that the use of his parking lot by attendees of the School's graduation ceremony created an unreasonable risk of harm to himself and any small children or foreseeable trespassers that might enter his property. Van Eck alleges that he "is obligated to carry a policy of insurance to protect himself from claims of injury, and the unconscionable acts and practices of defendants cause [Van Eck] to be exposed to a substantial insurance premium." (Complaint, Count Four, ¶ 20.) Van Eck does not allege that the School owed him a duty to exercise reasonable CT Page 14136 judgment to prevent unreasonable risk of injury to himself. The plaintiff fails to allege that the School had a duty to protect neighbors from potential lawsuits.[1] Van Eck does not allege that unreasonable risk of injury was intentionally or negligently created. "It is axiomatic, in the tort lexicon, that intentional conduct and negligent conduct, although differing only by a matter of degree . . . are separate and mutually exclusive." (Citation omitted.) American National Fire Ins. Co. v. Schuss,221 Conn. 768, 775.
The fifth count is an intentional infliction of mental distress claim. "In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Citations omitted; internal quotation marks omitted.) DeLaurentis v. New Haven,220 Conn. 225, 266-67. Van Eck fails to allege that the School had an intent to inflict emotional distress or had actual or imputed knowledge that emotional distress would likely occur in scheduling the ceremony where it did.
Van Eck's intentional infliction of emotional distress count does not contain allegations of extreme and outrageous conduct, nor does it allege that the School's holding of the ceremony was the actual and proximate cause of Van Eck's mental distress. Additionally, any alleged emotional distress suffered by Van Eck was not alleged to be severe, and an examination of the allegations in the count does not advance such a proposition.
The sixth count is a claim for public nuisance. To maintain a nuisance cause of action, a plaintiff must plead facts to support the following elements of proof: "(1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the CT Page 14137 [plaintiffs] injuries and damages." (Internal quotation marks omitted.) Tomasso Bros., Inc. v. October Twenty-Four, Inc.,221 Conn. 194, 197, aff'd on remand, 230 Conn. 641. "A nuisance . . . describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v.Newman, 213 Conn. 343, 348. "[N]uisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public. . . . [I]f the annoyance is one that is common to the public generally, then it is a public nuisance." (Internal quotation marks omitted.)Couture v. Board of Education, 6 Conn. App. 309, 314-15. When "public nuisance is alleged, the plaintiffs burden [also] includes . . . (1) that the condition or conduct complained of interfered with a right common to the general public. . . ." (Citations omitted; internal quotation marks omitted.) Doe v.Manheimer, 212 Conn. 748, 755-56 n. 4, overruled on other grounds,Stewart v. Federated Dept. Stores, Inc., 234 Conn. 597, 608. "Whether the elements necessary to establish a nuisance claim have been proven is usually a question of fact, Tomasso Bros.,Inc. v. October Twenty-Four, Inc., supra, 197, unless it is clear that it does not constitute a nuisance as a matter of law." Averyv. Congregational Church of Green's Farms, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308857 (April 6, 1994, Fuller, J.), citing Heritage Village MasterAssn., Inc. v. Heritage Village Water Co., 30 Conn. App. 693,709, 622 A.2d 578 (1993).
Van Eck alleges that "[t]he acts and practices of Defendants jointly and severally and each of them as joint tortfeasors are willful and intentional and in substance function to create a public nuisance, overburdening other members of the community and in particular the Plaintiff herein with the consequences and liabilities of the Defendants' acts and practices with automobiles and invitees of the Defendants herein creating multiple and several acts of trespass upon the lands of Plaintiff. Such trespass cause littering, damage, obstruction, and interference with the plaintiffs quiet enjoyment of his property and constitute a public nuisance. . . ." (Complaint, Count 6, ¶ 19.) Even if the pleadings are considered in the light most favorable to the nonmoving party, there are no facts alleged that demonstrate the School violated a right common to the general public.
 CONCLUSION
CT Page 14138
Accordingly, the motion to strike is granted and each count of the complaint directed to the movant is stricken.
Ronald J. Fracasse Judge of the Superior Court