[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Daniel R. Hills and Susan Tuttle, move to strike Counts two, four, six, seven, and eight of the complaint of the plaintiffs, Pilar and Timothy Davis. On October 22, 2001, the court heard argument on this motion.
A motion to strike "admits all the facts well pleaded; it does not admit conclusions or the truth or accuracy of opinions stated in the pleadings," Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
The first count of the complaint alleges that Hill negligently operated a family car owned by Tuttle and, at a high rate of speed, struck the rear end of a vehicle occupied by the plaintiffs, resulting in injury to Pilar Davis. The second count reiterates the first except that it alleges that Hills operated the car "deliberately or with reckless disregard" at a speed exceeding what was reasonable considering the conditions there and then existing in violation of General Statutes § 14-218a and General Statutes § 14-222. The third count repeats the negligence allegations regarding injury sustained by Timothy Davis. Count four likewise asserts injury to Timothy Davis caused by Hills' alleged recklessness. Count five alleges Timothy Davis' loss of consortium based on Hills' negligence. Count six alleges the same loss but as a result of recklessness. Count seven claims negligent infliction of bystander emotional distress based on Timothy's observation of the injury to Pilar. Count eight claims reckless infliction of that same bystander distress.
 I
The defendants first contend that all the counts based on reckless behavior, viz. Counts two, four, six and eight, ought to be stricken because the complaint fail to contain sufficient factual allegations to support recklessness. Merely stating that a defendant acted "recklessly" is insufficient. The complaint "shall contain a statement of the facts constituting the cause of action," General Statutes § 52-91 (emphasis added); not simply a conclusory statement identifying or naming a CT Page 14544 particular cause of action. Practice Book § 10-1 requires every pleading to "contain a plain and concise statement of the material facts on which the pleader relies . . ." (emphasis added).
It is legally deficient "that a complaint refer to the basis of liability by some distinctive name," Research Associates v. New HavenRedevelopment Agency, 157 Conn. 587, 588 (1968). The complaint must "set forth facts upon the basis of which, if true [the plaintiff] may be able to establish in law a right to relief, for, unless that is done, the pleading is demurrable," Id., 588 and 589. The necessity to plead the factual basis supporting a legitimate cause of action stems from the obligation to apprise the court and adverse parties of the specific claims being asserted, Johnson's Nurseries, Inc. v. Ratick,32 Conn. Sup. 553, 556 (1975).
Simply stating that a statute was violated by the defendant is inadequate to survive a motion to strike, Verdon v. Transamerica Ins.Co., 187 Conn. 363, 365 (1982). Thus, an allegation that § 14-218a or § 14-222 was breached, standing alone, is an insufficient pleading.
The determinative issue regarding this ground to strike the recklessness counts is whether the plaintiffs' complaint sets forth in the second count, which allegations are the bases for Counts four, six, and eight, as well, enough facts to establish reckless conduct by Hills. Again, employing the words "reckless disregard" is inadequate. The specific behavior by Hills which is claimed to be reckless must be stated, Dumond v. Denehy, 145 Conn. 88, 91 (1958). There is a "wide difference" between negligent and reckless behavior, Brack v. Waldron,127 Conn. 79, 81 (1940).
Momentary thoughtlessness and inadvertence are not recklessness, Id. 83. Reckless disregard implies persistent misconduct or conscious disregard of a high risk, such as engaging in a particularly dangerous course of action after warning, Id., 83 and 84. It entails ignoring a perceived risk, Sheiman v. LaFayette Bank and Trust Co., 4 Conn. App. 39,45 (1985); or egregious conduct which involves an extreme departure from ordinary care where danger is apparent, Dubay v. Irish, 207 Conn. 518,588 (1988).
In the present case, paragraph six of Count two, avers that Hillsdeliberately drove Tuttle's car at an unreasonably high speed and collided with the plaintiffs' vehicle. While sparse, if true, such deliberate disregard of a known danger exhibits reckless conduct. The motion to strike Counts two, four, six and eight is denied on this ground. CT Page 14545
 II
The defendants also argue that one cannot claim multiplied damages under General Statutes § 14-295 for loss of consortium caused by reckless conduct. Loss of consortium is a claim for "personal injury," albeit not bodily injury, which is expressly included within the purview of § 14-295. The court fails to discern why a spouse who suffers such a loss as a consequence of deliberate or wanton activity should not be awarded the enhanced damages of § 14-295. Allowing such exemplary damages against a reckless offender fulfills the deterrent aspect of that statutory provision. The motion to strike the sixth count is denied on this ground.
 III
Finally, the defendants submit that Timothy Davis cannot be a "bystander" to an accident in which he was also an alleged victim and, therefore cannot be compensated for bystander emotional distress. The court rejects this contention.
In Clohessy v. Bachelor, 237 Conn. 31 (1996), our Supreme Court, overturned long-standing precedent and recognized the viability of a cause of action for mental anguish endured by a party who witnesses serious, physical injury fall upon a loved one. The basis for the departure from previous decisional law was that bystander distress is now regarded as a reasonably foreseeable consequence of negligent conduct, Id., 46 through 49. It would seem that emotional anguish suffered by one occupant caused by watching a companion be seriously harmed is even more foreseeable than that endured by one more distant to the collision.
The Supreme Court in Clohessy, supra, was especially careful to define the set of compensable parties by outlining certain characteristics and factors which must exist for the cause of action to arise. First, the third party must be closely related to the victim; second, the sensory perception by the third party of the physical injuries must be contemporaneous; third, the injuries of the primary victim must be substantial and serious; and fourth, the emotional distress must also be great, Id., 51 through 55. The Supreme Court omitted exclusion of those who were physically injured themselves. The motion to strike the seventh and eighth counts on this basis is denied.
The motion to strike is denied as to all counts.
Sferrazza, J.