[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Jeffrey Salazar (hereinafter "Salazar"), has filed a motion to strike all four counts of the plaintiff, Fairfield Financial Mortgage Group, Inc. " s (hereinafter "Fairfield"), complaint. On June 7, 2000, Fairfield filed an application for prejudgment remedies which was granted on June 12, 2000. It subsequently filed a complaint on June 27, 2000, in which it alleges that Salazar was employed by it and that he (Salazar) had sold rights to a funding project that he was working on while employed with the plaintiff. It also alleges that he earned five hundred thousand ($500,000) dollars as a result of this sale. Fairfield also asserts that Salazar refused to deliver three hundred thousand ($300,000) dollars of the sale proceeds to it, which nonpayment allegedly was in breach of the memorandum of employment between the parties. Based on these allegations, the plaintiff sets forth causes of action sounding in breach of contract, unjust enrichment, misappropriation of corporate opportunity, and breach of good faith and fair dealing in counts one through four, respectively.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580 (1997). "A motion to CT Page 4981 strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992).
Count one of the complaint alleges that Salazar breached his employment contract with the plaintiff by selling the rights to the funding project and not delivering three hundred thousand ($300,000) dollars of the proceeds to it (Fairfield). The plaintiff attached a document to the complaint that it alleges is a "memorandum setting forth the terms of employment." "The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." (Internal quotation marks omitted.) Ambrogio v. Beaver Road Associates, Superior Court, judicial district of New Britain, Docket No. 475509 (November 16, 2000,Shapiro, J.); see also Eagle Hill Southport School, Inc. v. Roberts, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 363604 (August 24, 2000, Melville, J.).
In the present case, Fairfield claims that the defendant was its employee; that during his employment, Salazar was contacted by RDC Funding Corporation to provide funding or leverage funding for a project in the amount of $2.5 million for a $100 million note issue; that the defendant contacted Merrydale Corporation to provide the funding; that prior to the completion of the project, Salazar sold the rights to the project to Merrydale; and that he earned a five hundred thousand ($500,000) dollar fee and has neglected to deliver three hundred thousand ($300,000) dollar (or 60 percent) to Fairfield in breach of the memorandum of employment. The plaintiff does not allege that it performed its obligations under the contract. Accordingly, it does not sufficiently allege the necessary elements of a breach of contract claim and, consequently, the motion to strike count one is granted.
Count two of the complaint sets forth a claim for unjust enrichment. The plaintiff incorporates the allegations from count one into the second count and asserts that these allegations constitute unjust enrichment. "Unjust enrichment is a very broad and flexible equitable doctrine that has as its basis the principle that it is contrary to equity and good conscience for a defendant to retain a benefit that has come to him at the expense of the plaintiff. . . . The doctrine's three basic requirements are that (1) the defendant was benefitted, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiffs detriment." (Citation omitted.)Gagne v. Vaccaro, 255 Conn. 390, 409 (2001).
In the present case, Fairfield fails to allege that Salazar benefitted from some conduct by it or that he unjustly failed to pay it for the CT Page 4982 benefits it conferred on him. "`The burden rests on the plaintiff to allege a recognizable cause of action, and it is not sufficient that a complaint refer to a basis of liability by some distinctive name the complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a right to relief, for, unless that is done, the pleading is [subject to a motion to strike].'" TurnerConstruction Co. v. Eppoliti, Inc., Superior Court, judicial district of Danbury, Docket No. 323118 (January 8, 1997, Moraghan, J.), quotingResearch Associates, Inc. v. New Haven Redevelopment Agency, 157 Conn. 587,588-89 (1968). Again, Fairfield has failed to sufficiently plead a cause of action for unjust enrichment and the motion to strike count two is granted.
The third count of the complaint incorporates the allegations from count one and further alleges that those allegations constitute misappropriation of a corporate opportunity. "To prevail on a claim of usurpation [of a corporate opportunity], we observed, in Katz Corp. v.T.H. Canty Co., 168 Conn. 201, 207-208, 362 A.2d 975 (1975), that a plaintiff bears the burden of establishing: (1) a fiduciary relationship between the corporation and the alleged wrongdoers; and (2) the existence of a corporate opportunity." Murphy v. Wakelee, 247 Conn. 396, 404
(1998).
In determining whether a cause of action for usurpation of a corporate opportunity exists, the Supreme Court held that the dominant inquiry is whether the corporate opportunity at issue falls within the corporation's avowed business purpose. The factors listed by the Supreme Court to determine whether the business opportunity was one in which the corporation had an interest are: " (1) whether the business opportunity was one in which the complaining corporation had an interest or an expectancy growing out of an existing contractual right; (2) whether there was a close relationship between the opportunity and the corporation's business purposes and current activities; and (3) whether the business areas contemplated by the opportunity were readily adaptable to the corporation's existing business, in light of its fundamental knowledge, practical experience, facilities, equipment, and personnel."Ostrowski v. Avery, 243 Conn. 355-367 (1997).
In the present case, Fairfield merely alleges that Salazar was its employee. It does not assert that a fiduciary relationship existed between the parties or that a corporate opportunity existed. It also fails to recite that the opportunity fell within its avowed business purpose or that it was ready and willing to take the opportunity. Once again, Fairfield has failed to sufficiently plead a claim for usurpation of business opportunity and the motion to strike count three is granted. CT Page 4983
In the fourth count, Fairfield asserts a cause of action for breach of good faith and fair dealing. It, seriatim, incorporates the allegations of count one and does not make any further factual allegations. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." (Internal quotation marks omitted.) Gupta v. New Britain General Hospital, 239 Conn. 574, 598
(1996). "[A]n action for breach of the covenant of good faith and fair dealing requires proof of three essential elements, which [a] plaintiff must duly plead: first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiffs right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiffs right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith." (Internal quotation marks omitted.) Troy v. Precision Computer, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 082592 (September 19, 2001, Agati, J.). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose.'s (Citation omitted; internal quotation marks omitted.) Habetz v. Condon,224 Conn. 231, 237 (1992).
In the present case, Fairfield has failed to allege any factual basis for a claim of bad faith. Salazar correctly argues that Meehan v. ThePress, Inc., Superior Court, judicial district of Danbury, Docket No. 321002 (February 22, 1996, Moraghan, J.), is on point. There, this court granted the defendant's motion to strike the plaintiffs count sounding in breach of implied covenant of good faith and fair dealing where the plaintiff merely incorporated allegations from a prior breach of contract count and further alleged that the defendant's acts were deliberate, wanton and willful. This court stated: The plaintiff has failed to allege improper motive or conduct by the defendants which support a claim for breach of the implied covenant of good faith and fair dealing. It continued by saying that this court has previously stricken claims of breach of implied covenant of good faith and fair dealing where there is an insufficient factual predicate to support such claims. While other courts have allowed similar claims to stand, in those cases there has been some allegation in the pleadings — other than mere incorporation of all other paragraphs of the complaint — that supports a claim of breach of implied covenant of good faith and fair dealing. Thus, in cases which have allowed claims of breach of an implied CT Page 4984 covenant of good faith and fair dealing, there have been allegations beyond simple breach of contract that support a breach of the implied covenant.
In this instance, Fairfield merely incorporated the allegations from the breach of contract count without alleging any bad faith on the part of Salazar. Accordingly, the plaintiff has failed to allege facts legally sufficient to constitute an action for breach of implied covenant of good faith and fair dealing and the defendant's motion to strike count four is granted.
Based on the foregoing analysis, the motion to strike all four counts of the complaint is, accordingly, granted.
 ___________________ Moraghan, J.T.R.